**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JALINSKI ADVISORY GROUP, INC., | Civil Action No. _____ |
| Plaintiff, | |
| v. | **COMPLAINT** |
| EDELMAN FINANCIAL SERVICES, LLC, EDELMAN FINANCIAL ENGINES, L.P., EDELMAN FINANCIAL ENGINES, LLC, FINANCIAL ENGINES ADVISORS L.L.C., HELLMAN & FRIEDMAN, LLC, and FREDRIC MARK EDELMAN a/k/a RIC EDELMAN, | **JURY TRIAL DEMANDED** |
| Defendants. | |

Plaintiff Jalinski Advisory Group, Inc. ("JAG"), for its Complaint against defendants Edelman Financial Services, LLC, Hellman & Friedman, LLC, Edelman Financial Engines L.P., Edelman Financial Engines LLC, Financial Engines Advisors L.L.C. and Fredric Mark Edelman a/k/a Ric Edelman ("Ric Edelman") allege as follows:

<u>**Nature of Action and Relief Sought**</u>

1.      All of the claims herein arise out of and are based on defendants' willful infringement of JAG's trademark rights, which they are well of aware of but choose to disregard.

2.      JAG owns the registered trademarks "The Financial Quarterback" and "Financial Quarterback" (collectively the "Financial Quarterback Trademark") under which it (a) offers financial advisory and investment management services, and (b) provides educational services in the field of financial and wealth management (the "Educational Services").  JAG provides these services through the following mediums, among others: (1) broadcasts via traditional "over-the air" radio stations, online streaming and podcasts, and regularly scheduled, weekly radio

1

programs hosted by radio personality and financial expert Josh Jalinski ("Jalinski") (the "Radio Programs"); (2) seminars and other educational services for clients and members of the public concerning financial and wealth management; and (3) television, film and other broadcast and public appearances by Jalinski as an educational and motivational speaker concerning financial and wealth management.  JAG additionally provides for the dissemination of news, information and education regarding personal finance and wealth/investment management.

3.      Defendants have used JAG's Financial Quarterback Trademark in offering (a) their own accounting, tax, business management, financial, financial management, financial planning, and financial advisory services to their clients, industry professionals and potential employees and (b) education to clients, industry professionals and potential employees through broadcast appearances, seminars and online videos, blogs, bulletins, e-books and alerts, public presentations to clients, and other public appearances, publications and presentations directed to potential clients and the general public, all in violation of federal and state law.

4.      Defendants' unlawful conduct has caused and will continue to cause serious and irreparable harm to JAG, by creating confusion in the minds of consumers as to a false perception of an affiliation or association between defendants and JAG and/or a false perception that JAG and/or the Radio Programs have sponsored, endorsed, or approved defendants' services and offerings.  Defendants' conduct is likely to dilute the distinctive and source-identifying quality of JAG's trademark and to damage, erode and diminish the economic value of JAG's trademark, which JAG alone has the right to commercially exploit.

5.      JAG seeks injunctive and monetary relief against defendants' acts of federal trademark infringement, unfair competition, false designation of origin, and trademark dilution in violation of the Lanham Act, 15 U.S.C. § 1051 *et seq.*; and related acts of trademark

infringement, unfair competition, and trademark dilution under New York law, including New York General Business Law §§ 133 and 360-L.

### The Parties

6.      Plaintiff JAG is a corporation organized and existing under the laws of the State of New Jersey with a principal place of business at 1400 Hooper Avenue, Suite 210, Toms River, New Jersey 08753.  JAG has also maintained locations at 111 Broadway, New York, New York 10006 and at 3379 Route 206, South Bordentown, New Jersey 08505.

7.      Defendant Edelman Financial Services, LLC ("EFS"), is a limited liability company organized and existing under the laws of the State of Delaware, having a principal address and place of business at 1050 Enterprise Way, Sunnyvale, California 94089.   During relevant time periods, EFS was registered with the United States Securities Exchange Commission ("SEC") as an Investment Advisor Firm with its registered address at 4000 Legato Road, Fairfax, Virginia 22033.  Ric Edelman is the founder and Executive Chairman of EFS, and during relevant time periods was registered with the SEC as an Investment Advisor Representative of EFS.

8.      Defendant Edelman Financial Engines, LP ("Engines LP"), is a limited partnership organized and existing under the laws of the State of Delaware, having its principal place of business at 1050 Enterprise Way, Sunnyvale, California 94089.

9.      Defendant Edelman Financial Engines, LLC ("Engines LLC"), is a limited liability company organized and existing under the laws of the State of Delaware, having a principal address and place of business at 4000 Legato Road, Fairfax, Virginia 22033.  Engines LLC maintains offices at 340 Madison Avenue, 22nd Floor, New York, New York 10173.

10.     Defendant Financial Engines Advisors, LLC ("FEA"), is a limited liability

company organized and existing under the laws of the State of Delaware, having a principal place of business at 1050 Enterprise Way, Sunnyvale, CA 94089, and is and SEC-registered Investment Advisor Firm. FEA also conducts business under the names Edelman Financial Advisors and Financial Engines, and is affiliated with EFS. FEA is a wholly owned subsidiary of Engines LLC and its ultimate parent company is Engines LP.

11.     Defendant Hellman & Friedman, LLC ("Hellman") is a limited liability company organized and existing under the laws of the State of Delaware. Hellman maintains offices at 390 Park Avenue, 21st Floor, New York, NY 10022. Upon information and belief, Hellman is the ultimate parent company EFS, Engines LP, Engines LLC and FEA.

12.     Defendant Ric Edelman is an individual residing in Great Falls, Virginia.

13.     Together, EFS, Engines LP, Engines LLC, FEA, Hellman, and Edelman are referred to herein as the "Edelman Defendants" or "Defendants."

## Jurisdiction and Venue

14.     This Court has jurisdiction over plaintiff's federal law claims under Section 30 of the Lanham Act, 15 U.S.C. § 1221, Sections 2201 and 2202 of the Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202; and 28 U.S.C. §§ 1331, 1338(a) and (b), and supplemental jurisdiction over plaintiff's state law claims under 28 U.S.C. 1367(a).

15.     This Court has personal jurisdiction over each of defendants based upon their contacts with this forum, including regularly and intentionally doing business here and/or committing acts giving rise to this lawsuit here.

16.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c), in that a substantial part of the events giving rise to plaintiff's claims occurred in this district, and one or more of defendants maintains its offices in this district.

## Facts Common to All Claims

**I.      Jalinski Advisory Group**

**A.      JAG's Brand and Services**

17.      Since early 2006, JAG has continuously provided financial advisory and investment management services for its clients under the brand name "The Financial Quarterback."

18.      Since at least 2009, Jalinski, in his capacity as JAG's President and CEO, has hosted the Radio Programs titled "The Financial Quarterback," which provide listeners with advice regarding personal finance and wealth/investment management and is broadcast in the New York and New Jersey area on 710 AM WOR, 770 AM WABC and 1160 AM WOBM.  The Radio Programs are broadcast weekly in major markets throughout the United States and are available nationally and internationally on www.iheartradio.com and the iHeartRadio app.  More recently, Jalinski has made numerous and frequent public appearances on broadcast and cable television networks such as CNBC,  in podcasts,  and in seminars for actual and potential clients of JAG.

19.      JAG maintains offices in New Jersey and New York, and The Radio Show originates in New York.  JAG relies in part on The Radio Programs to advertise and promote the financial and investment management services provided by JAG.

**B.      JAG's Asserted Trademark Rights**

20.      JAG is the owner of United States Trademark Serial Number 86353875, registered by the United States Patent and Trademark Office ("USPTO") on April 21, 2015, based on an application filed on July 31, 2014, for the word mark "The Financial Quarterback" in international class 41 for educational and entertainment services; namely, conducting seminars, making personal appearances, performing speaking engagements, radio and television

appearances, and ongoing radio programs in the fields of business, finance, investment, money management, and financial planning (the "Class 41 Trademark").

21.     JAG is the assignee and owner of United States Trademark Serial Number 77752160, registered by the USPTO on April 27, 2010, registration number 3782665, based on an application filed on June 4, 2009, for the word mark "Financial Quarterback" in international class 36 for financial planning and investment advisory services, financial planning for retirement, and other such financial services (the "Class 36 Trademark").    This class 36 trademark has been acknowledged as incontestable pursuant to Section 15 of the Trademark Act, 15 U.S.C. §1065.  JAG is also the owner of United States Trademark Serial Number 86314778, registered by the USPTO on November 28, 2017, registration number 5346562, based on an application filed on June 19, 2014, for the word mark "The Financial Quarterback" in international class 36 for financial planning and investment advisory services, financial planning for retirement, and other such financial services (collectively, the "Class 36 Trademarks").

22.     JAG is the owner of United States Trademark Serial Number 86318879, registered by the USPTO on November 28, 2017, registration number 5346563, based on an application filed on June 24, 2014, for the word mark "The Financial Quarterback" in international class 35 for connecting buyers and sellers of financial assets, business management consulting (the "Class 35 Trademark").

23.     Finally, JAG is the owner of United States Trademark Serial Number 86318944, registered by the USPTO on December 18, 2018, registration number 5633102, based on an application filed on June 24, 2014, for the word mark "The Financial Quarterback" in international class 9 for downloadable computer software and electronic newsletters, publications and audio recordings in the field of financial analysis, and financial forecasting (the

"Class 9 Trademark").

24.     By virtue of using the "Financial Quarterback Trademark" in commerce since 2006, JAG has established and is the owner of common law trademark rights for the word mark "The Financial Quarterback."  JAG has also established and now owns common law trademark rights as a result of its use of the mark nationwide.

## II.     Defendants' Unauthorized Activities

25.     Defendants are engaged in the business of rendering business management, financial management, investment management, investment advisory, financial planning, and financial advisory services to their clients in interstate commerce, including in the New York area where Jalinski's Radio Programs are regularly available to listeners via over-the-air broadcast radio stations, internet streaming, and otherwise.

26.     Defendants and, in particular, Ric Edelman, individually and in his capacities as Executive Chairman and a registered representative of EFS and an officer and/or representative of FEA, Engines LLC, and Engines LP, have unlawfully and repeatedly used the Financial Quarterback Trademark, and confusingly similar phrases such as "Personal Finance Quarterback" and "Personal Financial Quarterback" in offering financial and investment advisory services to their clients, prospective clients, industry professionals and potential employees on defendants' web sites, in radio broadcasts, in promotional materials and advertising, and in personal appearances and presentations to their actual and prospective clients, industry professionals and potential employees. In addition, Edelman on behalf of the Edelman Defendants has used the Financial Quarterback Trademark and confusingly similar phrases such as "Personal Finance Quarterback" and "Personal Financial Quarterback" to recruit individual investment advisors to join their nation-wide network of investment advisors and financial professionals.

27. Upon information and belief, Hellman's partners play an active role in managing the Edelman Defendants under its control, including but not limited to EFS, Engines LP, Engines LLC, and FEA.

28. Defendants have repeatedly used JAG's Financial Quarterback Trademark and confusingly similar phrases such as "Personal Finance Quarterback" and "Personal Financial Quarterback" to characterize, identify, describe and market the aforesaid financial and educational services, and to recruit individual investment advisors to join their nation-wide network of investment advisors and financial professionals and perform the aforesaid financial and educational services.

29. None of defendants is related to or affiliated with JAG in any way and none of them have sought or received a license or authorization from JAG for any purpose whatsoever, including the acts described herein.

30. Defendants' infringement of JAG's trademark unlawfully wrests from JAG control over its reputation and, upon information and belief, is unjustly enriching defendants.

31. Defendants' unauthorized acts as described herein have caused and will continue to cause irreparable damage to JAG and its business and goodwill unless restrained by this Court.

32. Upon information and belief, and as evidenced by the facts and circumstances alleged above, defendants have intentionally and willfully violated JAG's trademarks.

**COUNT I**
**Trademark Infringement under Section 32(1) of the Lanham Act (15 U.S.C. § 1114(1))**
**(JAG's Class 41 Trademark)**

33. JAG repeats and incorporates herein by reference each of the foregoing allegations.

34. Defendants' use of JAG's "Financial Quarterback Trademark" and confusingly

similar phrases such as "Personal Finance Quarterback" and "Personal Financial Quarterback" constitutes knowing, deliberate and willful infringement of JAG's Class 41 Trademark under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

35.     Defendants' use of JAG's "Financial Quarterback Trademark" and confusingly similar phrases such as "Personal Finance Quarterback" and "Personal Financial Quarterback" is likely to cause confusion, cause mistake, and/or deceive as to the affiliation, connection or association between defendants and JAG, and/or as to JAG's sponsorship or approval of defendants' goods, services and/or commercial activities.

36.     Defendants' aforesaid conduct has been undertaken knowingly, willfully and in bad faith.

37.     As a result of defendants' infringement, JAG is entitled to injunctive relief and is also entitled to recover their profits, JAG's non-duplicative actual damages, enhanced profits and damages, and costs and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116 and 1117.

**COUNT II**
**Trademark Infringement under Section 32(1) of the Lanham Act (15 U.S.C. § 1114(1))**
**(JAG's Class 36 Trademarks)**

38.     JAG repeats and incorporates herein by reference each of the foregoing allegations.

39.     Defendants' use of JAG's "Financial Quarterback Trademark" and confusingly similar phrases such as "Personal Finance Quarterback" and "Personal Financial Quarterback" constitutes knowing, deliberate and willful infringement of JAG's Class 36 Trademarks under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

40.     Defendants' use of JAG's "Financial Quarterback Trademark" and confusingly similar phrases such as "Personal Finance Quarterback" and "Personal Financial Quarterback" is likely to cause confusion, cause mistake and/or deceive as to the affiliation, connection or

association between defendants and JAG, and/or as to JAG's sponsorship or approval of defendants' goods, services and/or commercial activities.

41.     Defendants' aforesaid conduct has been undertaken knowingly, willfully and in bad faith.

42.     As a result of defendants' infringement, JAG is entitled to injunctive relief and is also entitled to recover their profits, JAG's non-duplicative actual damages, enhanced profits and damages, and costs and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116 and 1117.

**COUNT III**
**Trademark Infringement under Section 32(1) of the Lanham Act (15 U.S.C. § 1114(1))**
**(JAG's Class 35 Trademark)**

43.     JAG repeats and incorporates herein by reference each of the foregoing allegations.

44.     Defendants' use of JAG's "Financial Quarterback Trademark" and confusingly similar phrases such as "Personal Finance Quarterback" and "Personal Financial Quarterback" constitutes knowing, deliberate and willful infringement of JAG's Class 35 Trademark under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

45.     Defendants' use of JAG's "Financial Quarterback Trademark" and confusingly similar phrases such as "Personal Finance Quarterback" and "Personal Financial Quarterback"  is likely to cause confusion, cause mistake and/or deceive as to the affiliation, connection or association between defendants and JAG, and/or as to JAG's sponsorship or approval of defendants' goods, services and/or commercial activities.

46.     Defendants' aforesaid conduct has been undertaken knowingly, willfully and in bad faith.

47.     As a result of defendants' infringement, JAG is entitled to injunctive relief and is

also entitled to recover their profits, JAG's non-duplicative actual damages, enhanced profits and damages, and costs and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116 and 1117.

## COUNT IV
### Trademark Infringement under Section 32(1) of the Lanham Act (15 U.S.C. § 1114(1))
### (JAG's Class 9 Trademark)

48.     JAG repeats and incorporates herein by reference each of the foregoing allegations.

49.     Defendants' use of JAG's "Financial Quarterback Trademark" and confusingly similar phrases such as "Personal Finance Quarterback" and "Personal Financial Quarterback" constitutes knowing, deliberate and willful infringement of JAG's Class 9 Trademark under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

50.     Defendants' use of JAG's "Financial Quarterback Trademark" and confusingly similar phrases such as "Personal Finance Quarterback" and "Personal Financial Quarterback"  is likely to cause confusion, cause mistake and/or deceive as to the affiliation, connection or association between defendants and JAG, and/or as to JAG's sponsorship or approval of defendants' goods, services and/or commercial activities.

51.     Defendants' aforesaid conduct has been undertaken knowingly, willfully and in bad faith.

52.     As a result of defendants' infringement, JAG is entitled to injunctive relief and is also entitled to recover their profits, JAG's non-duplicative actual damages, enhanced profits and damages, and costs and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116 and 1117.

## COUNT V
### Unfair Competition and False Designation of Origin under Section 43(a) of the Lanham
### Act (15 U.S.C. § 1125(a)) (JAG's Class 41 Trademark)

53.     JAG repeats and incorporates herein by reference each of the foregoing

allegations.

54.     Defendants' use of JAG's "Financial Quarterback Trademark" and confusingly similar phrases such as "Personal Finance Quarterback" and "Personal Financial Quarterback" constitutes a false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

55.     Defendants' use of JAG's "Financial Quarterback Trademark" and confusingly similar phrases such as "Personal Finance Quarterback" and "Personal Financial Quarterback" is likely to cause confusion, cause mistake and/or deceive as to the affiliation, connection or association between defendants and JAG, and/or as to JAG's sponsorship or approval of defendants' goods, services and/or commercial activities.

56.     Defendants' use of JAG's "Financial Quarterback Trademark" and confusingly similar phrases such as "Personal Finance Quarterback" and "Personal Financial Quarterback" has caused, and unless enjoined, will continue to cause substantial and irreparable injury to JAG for which JAG has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with the "Financial Quarterback Trademark."

57.      Defendants' aforesaid conduct has been undertaken knowingly, willfully and in bad faith.

58.     As a result of defendants' infringement, JAG is entitled to injunctive relief and is also entitled to recover their profits, JAG's non-duplicative actual damages, enhanced profits and damages, and costs and reasonable attorneys' fees under 15 U.S.C. §§ 1125(a), 1116 and 1117.

## COUNT VI
## Unfair Competition and False Designation of Origin under Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)) (JAG's Class 36 Trademarks)

59.     JAG repeats and incorporates herein by reference each of the foregoing allegations.

60.     Defendants' use of JAG's "Financial Quarterback Trademark" and confusingly similar phrases such as "Personal Finance Quarterback" and "Personal Financial Quarterback" constitutes a false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

61.     Defendants' use of JAG's "Financial Quarterback Trademark" and confusingly similar phrases such as "Personal Finance Quarterback" and "Personal Financial Quarterback" is likely to cause confusion, cause mistake and/or deceive as to the affiliation, connection or association between defendants and JAG, and/or as to JAG's sponsorship or approval of defendants' goods, services and/or commercial activities.

62.     Defendants' use of JAG's "Financial Quarterback Trademark" and confusingly similar phrases such as "Personal Finance Quarterback" and "Personal Financial Quarterback" has caused, and unless enjoined, will continue to cause substantial and irreparable injury to JAG for which JAG has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with the "Financial Quarterback Trademark."

63.     Defendants' aforesaid conduct has been undertaken knowingly, willfully and in bad faith.

64.     As a result of defendants' infringement, JAG is entitled to injunctive relief and is also entitled to recover their profits, JAG's non-duplicative actual damages, enhanced profits and

damages, and costs and reasonable attorneys' fees under 15 U.S.C. §§ 1125(a), 1116 and 1117.

**COUNT VII**

**Unfair Competition and False Designation of Origin under Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)) (JAG's Class 35 Trademark)**

65.    JAG repeats and incorporates herein by reference each of the foregoing allegations.

66.    Defendants' use of JAG's "Financial Quarterback Trademark" and confusingly similar phrases such as "Personal Finance Quarterback" and "Personal Financial Quarterback" constitutes a false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

67.    Defendants' use of JAG's "Financial Quarterback Trademark" is likely to cause confusion, cause mistake and/or deceive as to the affiliation, connection or association between defendants and JAG, and/or as to JAG's sponsorship or approval of defendants' goods, services and/or commercial activities.

68.    Defendants' use of JAG's "Financial Quarterback Trademark" and confusingly similar phrases such as "Personal Finance Quarterback" and "Personal Financial Quarterback" has caused, and unless enjoined, will continue to cause substantial and irreparable injury to JAG for which JAG has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with the "Financial Quarterback Trademark."

69.    Defendants' aforesaid conduct has been undertaken knowingly, willfully and in bad faith.

70.    As a result of defendants' infringement, JAG is entitled to injunctive relief and is also entitled to recover defendants' profits, JAG's non-duplicative actual damages, enhanced

profits and damages, and costs and reasonable attorneys' fees under 15 U.S.C. §§ 1125(a), 1116 and 1117.

**COUNT VIII**

**Unfair Competition and False Designation of Origin under Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)) (JAG's Class 9 Trademark)**

71.     JAG repeats and incorporates herein by reference each of the foregoing allegations.

72.     Defendants' use of JAG's "Financial Quarterback Trademark" and confusingly similar phrases such as "Personal Finance Quarterback" and "Personal Financial Quarterback" constitutes a false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

73.     Defendants' use of JAG's "Financial Quarterback Trademark" and confusingly similar phrases such as "Personal Finance Quarterback" and "Personal Financial Quarterback" is likely to cause confusion, cause mistake and/or deceive as to the affiliation, connection or association between defendants and JAG, and/or as to JAG's sponsorship or approval of defendants' goods, services and/or commercial activities.

74.     Defendants' use of JAG's "Financial Quarterback Trademark" and confusingly similar phrases such as "Personal Finance Quarterback" and "Personal Financial Quarterback" has caused, and unless enjoined, will continue to cause substantial and irreparable injury to JAG for which JAG has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with the "Financial Quarterback Trademark."

75.     Defendants' aforesaid conduct has been undertaken knowingly, willfully and in bad faith.

76.     As a result of defendants' infringement, JAG is entitled to injunctive relief and is also entitled to recover their profits, JAG's non-duplicative actual damages, enhanced profits and damages, and costs and reasonable attorneys' fees under 15 U.S.C. §§ 1125(a), 1116 and 1117.

**COUNT IX**
**Trademark Dilution under Section 43(c) of the Lanham Act (15 U.S.C. § 1125(c))**
**(JAG's Class 41 Trademark)**

77.     JAG repeats and incorporates herein by reference each of the foregoing allegations.

78.     As a result of JAG's popular radio show, JAG's "Financial Quarterback Trademark" has gained distinctiveness and is entitled to protection against dilution by blurring or tarnishment.

79.     Defendants' use of JAG's "Financial Quarterback Trademark" and confusingly similar phrases such as "Personal Finance Quarterback" and "Personal Financial Quarterback" constitutes dilution of JAG's Class 41 Trademark under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

80.     Defendants' use of JAG's "Financial Quarterback Trademark" and confusingly similar phrases such as "Personal Finance Quarterback" and "Personal Financial Quarterback"  is likely to dilute the trademark at least by eroding the public's identification of the trademark with JAG and by lessening the capacity of the trademark to identify and distinguish JAG's goods and/or services.

81.      Defendants' aforesaid conduct has been undertaken knowingly, willfully and in bad faith.

82.     As a result of defendants' dilution of JAG's "Financial Quarterback Trademark," JAG is entitled to injunctive relief and is also entitled to recover their profits, JAG's non-

duplicative actual damages, enhanced profits and damages, and costs and reasonable attorneys' fees under 15 U.S.C. §§ 1125(c), 1116 and 1117.

**COUNT X**
**Trademark Dilution under Section 43(c) of the Lanham Act (15 U.S.C. § 1125(c))**
**(JAG's Class 36 Trademarks)**

83.    JAG repeats and incorporates herein by reference each of the foregoing allegations.

84.    As a result of JAG's popular radio show, JAG's "Financial Quarterback Trademark" has gained distinctiveness and is entitled to protection against dilution by blurring or tarnishment.

85.    Defendants' use of JAG's "Financial Quarterback Trademark" and confusingly similar phrases such as "Personal Finance Quarterback" and "Personal Financial Quarterback" constitutes dilution of JAG's Class 36 Trademarks under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

86.    Defendants' use of JAG's "Financial Quarterback Trademark" and confusingly similar phrases such as "Personal Finance Quarterback" and "Personal Financial Quarterback" is likely to dilute the trademark at least by eroding the public's identification of the trademark with JAG and by lessening the capacity of the trademark to identify and distinguish JAG's goods and/or services.

87.    Defendants' aforesaid conduct has been undertaken knowingly, willfully and in bad faith.

88.    As a result of defendants' dilution of JAG's "Financial Quarterback Trademark," JAG is entitled to injunctive relief and is also entitled to recover their profits, JAG's non-duplicative actual damages, enhanced profits and damages, and costs and reasonable attorneys'

fees under 15 U.S.C. §§ 1125(c), 1116 and 1117.

**COUNT XI**
**Trademark Dilution under Section 43(c) of the Lanham Act (15 U.S.C. § 1125(c))**
**(JAG's Class 35 Trademark)**

89.     JAG repeats and incorporates herein by reference each of the foregoing allegations.

90.     As a result of JAG's popular radio show, JAG's "Financial Quarterback Trademark" has gained distinctiveness and is entitled to protection against dilution by blurring or tarnishment.

91.     Defendants' use of JAG's "Financial Quarterback Trademark" and confusingly similar phrases such as "Personal Finance Quarterback" and "Personal Financial Quarterback" constitutes dilution of JAG's Class 35 Trademark under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

92.     Defendants' use of JAG's "Financial Quarterback Trademark" and confusingly similar phrases such as "Personal Finance Quarterback" and "Personal Financial Quarterback" is likely to dilute the trademark at least by eroding the public's identification of the trademark with JAG and by lessening the capacity of the trademark to identify and distinguish JAG's goods and/or services.

93.     Defendants' aforesaid conduct has been undertaken knowingly, willfully and in bad faith.

94.     As a result of defendants' dilution of JAG's "Financial Quarterback Trademark," JAG is entitled to injunctive relief and is also entitled to recover their profits, JAG's non-duplicative actual damages, enhanced profits and damages, and costs and reasonable attorneys' fees under 15 U.S.C. §§ 1125(c), 1116 and 1117.

**COUNT XII**
**Trademark Dilution under Section 43(c) of the Lanham Act (15 U.S.C. § 1125(c))**
**(JAG's Class 9 Trademark)**

95.     JAG repeats and incorporates herein by reference each of the foregoing allegations.

96.     As a result of JAG's popular radio show, JAG's "Financial Quarterback Trademark" has gained distinctiveness and is entitled to protection against dilution by blurring or tarnishment.

97.     Defendants' use of JAG's "Financial Quarterback Trademark" and confusingly similar phrases such as "Personal Finance Quarterback" and "Personal Financial Quarterback" constitutes dilution of JAG's Class 35 Trademark under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

98.     Defendants' use of JAG's "Financial Quarterback Trademark" and confusingly similar phrases such as "Personal Finance Quarterback" and "Personal Financial Quarterback" is likely to dilute the trademark at least by eroding the public's identification of the trademark with JAG and by lessening the capacity of the trademark to identify and distinguish JAG's goods and/or services.

99.     Defendants' aforesaid conduct has been undertaken knowingly, willfully and in bad faith.

100.     As a result of defendants' dilution of JAG's "Financial Quarterback Trademark," JAG is entitled to injunctive relief and is also entitled to recover their profits, JAG's non-duplicative actual damages, enhanced profits and damages, and costs and reasonable attorneys' fees under 15 U.S.C. §§ 1125(c), 1116 and 1117.

## COUNT XIII
## <u>Common Law Trademark Infringement and Unfair Competition</u>

101.    JAG repeats and incorporates herein by reference each of the foregoing allegations.

102.    Defendants' use of JAG's "Financial Quarterback Trademark" and confusingly similar phrases such as "Personal Finance Quarterback" and "Personal Financial Quarterback" constitutes common law trademark infringement and unfair competition with JAG under the common law of the State of New York.

103.    Defendants' use of JAG's "Financial Quarterback Trademark" and confusingly similar phrases such as "Personal Finance Quarterback" and "Personal Financial Quarterback" is likely to cause confusion, cause mistake and/or deceive as to the affiliation, connection or association between defendants and JAG, and/or as to JAG's sponsorship or approval of defendants' goods, services and/or commercial activities.

104.    Defendants' use of JAG's "Financial Quarterback Trademark" and confusingly similar phrases such as "Personal Finance Quarterback" and "Personal Financial Quarterback" has caused, and unless enjoined, will continue to cause substantial and irreparable injury to JAG for which JAG has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with the "Financial Quarterback Trademark."

105.     Defendants' aforesaid conduct has been undertaken knowingly, willfully and in bad faith.

106.    As a result of defendants' conduct, JAG is entitled to injunctive relief and is also entitled to recover their profits, JAG's non-duplicative actual damages, punitive damages, and costs and reasonable attorneys' fees.

## COUNT XIV
## Trademark Infringement under New York General Business Law § 133

107.     JAG repeats and incorporates herein by reference each of the foregoing allegations.

108.     Defendants' use of JAG's "Financial Quarterback Trademark" and confusingly similar phrases such as "Personal Finance Quarterback" and "Personal Financial Quarterback" constitutes a violation of Section 133 of the New York General Business Law.

109.     Defendants' use of JAG's "Financial Quarterback Trademark" and confusingly similar phrases such as "Personal Finance Quarterback" and "Personal Financial Quarterback"  is likely to cause confusion, cause mistake and/or deceive as to the affiliation, connection or association between defendants and JAG, and/or as to JAG's sponsorship or approval of defendants' goods, services and/or commercial activities.

110.     Defendants' use of JAG's "Financial Quarterback Trademark" and confusingly similar phrases such as "Personal Finance Quarterback" and "Personal Financial Quarterback" has caused, and unless enjoined, will continue to cause substantial and irreparable injury to JAG for which JAG has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with the "Financial Quarterback Trademark."

111.     Defendants' aforesaid conduct has been undertaken knowingly, willfully and in bad faith.

112.     As a result of defendants' conduct, JAG is entitled to injunctive relief enjoining defendants' conduct described above.

## COUNT XV
## <u>Dilution under New York General Business Law § 360-L</u>

113.     JAG repeats and incorporates herein by reference each of the foregoing allegations.

114.     Defendants' use of JAG's "Financial Quarterback Trademark" and confusingly similar phrases such as "Personal Finance Quarterback" and "Personal Financial Quarterback" constitutes a violation of Section 360-L of the New York General Business Law.

115.     Defendants' use of JAG's "Financial Quarterback Trademark" and confusingly similar phrases such as "Personal Finance Quarterback" and "Personal Financial Quarterback"  is likely to dilute the trademark at least by eroding the public's identification of the trademark with JAG and by lessening the capacity of the and confusingly similar phrases such as "Personal Finance Quarterback" and "Personal Financial Quarterback" trademark to identify and distinguish JAG's goods and/or services.

116.     Defendants' use of JAG's "Financial Quarterback Trademark" has caused, and unless enjoined, will continue to cause substantial and irreparable injury to JAG for which JAG has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with the "Financial Quarterback Trademark."

117.      Defendants' aforesaid conduct has been undertaken knowingly, willfully and in bad faith.

118.     As a result of defendants' conduct, JAG is entitled to injunctive relief enjoining defendants' conduct described above.

## <u>Jury Demand</u>

JAG demands a trial by jury.

## Relief Sought

WHEREFORE, Plaintiff respectfully prays for judgment against defendants as follows:

1.    Judgment that defendants have:

    a.  Willfully infringed JAG's Class 41 Trademark, Class 36 Trademarks, Class 35 Trademark and Class 9 Trademark in violation of § 1114 of Title 15 in the United States Code;

    b.  Willfully engaged in unfair competition and/or used false designations of origin in violation of § 1125(a) of Title 15 in the United States Code;

    c.  Willfully diluted JAG's Class 41 Trademark, Class 36 Trademarks, Class 35 Trademark and Class 9 Trademark in violation of § 1125(c) of Title 15 in the United States Code;

    d.  Willfully infringed JAG's "Financial Quarterback Trademark" and engaged in unfair competition in violation of the common law of New York;

    e.  Willfully committed acts with the intent to deceive or mislead in violation of Section 133 of the New York General Business Law; and

    f.  Willfully diluted JAG's "Financial Quarterback Trademark" in violation of Section 360 of the New York General Business Law;

2.    An injunction prohibiting each of defendants and their agents, employees, servants, attorneys, successors and assigns, and all others in privity or acting in concert therewith from continuing infringement, false designation of origin, unfair competition, and dilution of JAG's "Financial Quarterback Trademark," including at least from selling, offering to sell, distributing or advertising goods and/or services using JAG's "Financial Quarterback Trademark" or marks that are confusingly similar to the "Financial Quarterback Trademark;"

3.      An injunction prohibiting each of defendants and their agents, employees, servants, attorneys, successors and assigns, and all others in privity or acting in concert therewith from using or maintaining any domain names, meta tags, or internet key words that contain JAG's "Financial Quarterback Trademark" or marks that are confusingly similar to the "Financial Quarterback Trademark;"

4.      An order directing the destruction of all advertising materials related to goods and/or services marketed by defendants using the "Financial Quarterback Trademark," or marks that are confusingly similar to the "Financial Quarterback Trademark," including on the Internet;

5.      An order directing defendants to file with the Court and serve upon counsel for JAG, within thirty (30) days after the entry of the permanent injunction requested in this Complaint, a written report, sworn to under oath, setting forth in detail the manner and form in which defendants have complied with the injunction;

6.      An award of defendants' non-duplicative profits, JAG's actual damages, enhanced profits and damages, treble damages, punitive damages, and costs and reasonable attorneys' fees for defendants' trademark infringements and dilution, and acts of unfair competition and unfair business practices;

7.      A finding that this is an "exceptional case" pursuant to 15 U.S.C. §1117(a);

8.      An award of pre-judgment and post-judgment interest on all sums awarded in the Court's judgment; and

9.      Such other and further relief as this Court deems just and proper.

Dated:   New York, New York
      July 18, 2019

**BARTON LLP**

By: ___/s/ Maurice N. Ross_____
     Maurice N. Ross

711 Third Avenue, 14th Floor
New York, NY 10017
mross@bartonesq.com
*Tel.:*  (212) 687-6262
*Fax:*  (212) 687-3667

*Attorneys for Plaintiff*
*Jalinski Advisory Group, Inc.*