Jakob B. Halpern (jhalpern@saiber.com)
SAIBER LLC
One Gateway Center, Suite 1000
Newark, New Jersey 07102-5311
P: (973) 622-3333
F: (973) 286-2456

Scott R. Brown (sbrown@hoveywilliams.com)
Todd A. Gangel (tgangel@hoveywilliams.com)
    *Pro hac vice* applications forthcoming
HOVEY WILLIAMS LLP
84 Corporate Woods
10801 Mastin Boulevard, Suite 1000
Overland Park, Kansas 66210
P: (913) 647-9050
F: (913) 647-9057

ATTORNEYS FOR DEFENDANTS EDELMAN FINANCIAL SERVICES, LLC;
EDELMAN FINANCIAL ENGINES, L.P.; EDELMAN FINANCIAL ENGINES, LLC;
FINANCIAL ENGINES ADVISORS L.L.C.; AND
FREDERIC MARK EDELMAN A/K/A RIC EDELMAN

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JALINSKI ADVISORY GROUP, INC., <br><br>     Plaintiff, <br><br>    v. <br><br> EDELMAN FINANCIAL SERVICES, LLC; <br> EDELMAN FINANCIAL ENGINES, L.P.; <br> EDELMAN FINANCIAL ENGINES, LLC; <br> FINANCIAL ENGINES ADVISORS L.L.C.; <br> HELLMAN & FRIEDMAN, LLC; and <br> FREDERIC MARK EDELMAN <br>   a/k/a RIC EDELMAN, <br><br>     Defendants. | Civil Action No. 19-cv-6697-LAP <br><br> **ANSWER, SEPARATE DEFENSES, COUNTERCLAIMS, AND JURY DEMAND OF EDELMAN FINANCIAL SERVICES, LLC; EDELMAN FINANCIAL ENGINES, L.P.; EDELMAN FINANCIAL ENGINES, LLC; FINANCIAL ENGINES ADVISORS L.L.C.; AND FREDERIC MARK EDELMAN A/K/A RIC EDELMAN** |

EDELMAN FINANCIAL SERVICES, LLC;
EDELMAN FINANCIAL ENGINES, L.P.;
EDELMAN FINANCIAL ENGINES, LLC;
FINANCIAL ENGINES ADVISORS L.L.C.; and
FREDERIC MARK EDELMAN
   a/k/a RIC EDELMAN,

       Counterclaimants,

  v.

JALINSKI ADVISORY GROUP, INC.,

       Counterclaim Defendant.

Defendants Edelman Financial Services, LLC; Edelman Financial Engines, L.P.; Edelman Financial Engines, LLC; Financial Engines Advisors L.L.C.; and Fredric Mark Edelman a/k/a Ric Edelman (collectively, "Answering Defendants"), answer the allegations made against them in the numbered paragraphs of Plaintiff's Complaint. With respect to any allegations in the Complaint made collectively against all Defendants, Answering Defendants' answers are made by and on behalf of Answering Defendants only. Unless otherwise specified below in a specific answer to a numbered paragraph of the Complaint, Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of any allegations regarding Defendant Hellman & Friedman, LLC and, on that basis, deny them.

## ALLEGED NATURE OF ACTION AND RELIEF SOUGHT

1.    All of the claims herein arise out of and are based on defendants' willful infringement of JAG's trademark rights, which they are well of aware of but choose to disregard.

**ANSWER:** Answering Defendants deny the allegations in this paragraph.

2.      JAG owns the registered trademarks "The Financial Quarterback" and "Financial Quarterback" (collectively the "Financial Quarterback Trademark") under which it (a) offers financial advisory and investment management services, and (b) provides educational services in the field of financial and wealth management (the "Educational Services"). JAG provides these services through the following mediums, among others: (1) broadcasts via traditional "over-the air" radio stations, online streaming and podcasts, and regularly scheduled, weekly radio programs hosted by radio personality and financial expert Josh Jalinski ("Jalinski") (the "Radio Programs"); (2) seminars and other educational services for clients and members of the public concerning financial and wealth management; and (3) television, film and other broadcast and public appearances by Jalinski as an educational and motivational speaker concerning financial and wealth management. JAG additionally provides for the dissemination of news, information and education regarding personal finance and wealth/investment management.

**ANSWER:** Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and, on that basis, deny them.

3.      Defendants have used JAG's Financial Quarterback Trademark in offering (a) their own accounting, tax, business management, financial, financial management, financial planning, and financial advisory services to their clients, industry professionals and potential employees and (b) education to clients, industry professionals and potential employees through broadcast appearances, seminars and online videos, blogs, bulletins, e-books and alerts, public presentations to clients, and other public appearances, publications and presentations directed to potential clients and the general public, all in violation of federal and state law.

**ANSWER:** Answering Defendants deny the allegations in this paragraph.

4.      Defendants' unlawful conduct has caused and will continue to cause serious and irreparable harm to JAG, by creating confusion in the minds of consumers as to a false perception of an affiliation or association between defendants and JAG and/or a false perception that JAG and/or the Radio Programs have sponsored, endorsed, or approved defendants' services and offerings. Defendants' conduct is likely to dilute the distinctive and source-identifying quality of JAG's trademark and to damage, erode and diminish the economic value of JAG's trademark, which JAG alone has the right to commercially exploit.

**ANSWER:** Answering Defendants deny the allegations in this paragraph.

5.     JAG seeks injunctive and monetary relief against defendants' acts of federal trademark infringement, unfair competition, false designation of origin, and trademark dilution in violation of the Lanham Act, 15 U.S.C. § 1051 et seq.; and related acts of trademark infringement, unfair competition, and trademark dilution under New York law, including New York General Business Law §§ 133 and 360-L.

**ANSWER:** Answering Defendants state that Plaintiff has accurately characterized the nature of its causes of action and the relief it seeks in this paragraph but deny that Answering Defendants committed any of the conduct complained of and deny that Plaintiff is entitled to any of the relief sought.

### THE ALLEGED PARTIES

6.     Plaintiff JAG is a corporation organized and existing under the laws of the State of New Jersey with a principal place of business at 1400 Hooper Avenue, Suite 210, Toms River, New Jersey 08753. JAG has also maintained locations at 111 Broadway, New York, New York 10006 and at 3379 Route 206, South Bordentown, New Jersey 08505.

**ANSWER:** Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and, on that basis, deny them.

7.     Defendant Edelman Financial Services, LLC ("EFS"), is a limited liability company organized and existing under the laws of the State of Delaware, having a principal address and place of business at 1050 Enterprise Way, Sunnyvale, California 94089. During relevant time periods, EFS was registered with the United States Securities Exchange Commission ("SEC") as an Investment Advisor Firm with its registered address at 4000 Legato Road, Fairfax, Virginia 22033. Ric Edelman is the founder and Executive Chairman of EFS, and during relevant time periods was registered with the SEC as an Investment Advisor Representative of EFS.

**ANSWER:** Answering Defendants admit that Defendant Edelman Financial Services, LLC is a Delaware limited-liability company; that Edelman Financial Services, LLC was registered with the SEC as an Investment Advisor Firm until November 2018; that

4

Defendant Ric Edelman is the founder and Executive Chairman of Edelman Financial Services, LLC; and that Ric Edelman was registered as an Investment Advisor Representative of Edelman Financial Services, LLC until November 2018. Answering Defendants deny all remaining allegations in this paragraph.

8.      Defendant Edelman Financial Engines, LP [*sic*] ("Engines LP"), is a limited partnership organized and existing under the laws of the State of Delaware, having its principal place of business at 1050 Enterprise Way, Sunnyvale, California 94089.

**ANSWER:** Answering Defendants admit that Defendant Edelman Financial Engines, L.P. is a Delaware limited partnership and deny the remaining allegations in this paragraph.

9.      Defendant Edelman Financial Engines, LLC ("Engines LLC"), is a limited liability company organized and existing under the laws of the State of Delaware, having a principal address and place of business at 4000 Legato Road, Fairfax, Virginia 22033. Engines LLC maintains offices at 340 Madison Avenue, 22nd Floor, New York, New York 10173.

**ANSWER:** Answering Defendants admit that Defendant Edelman Financial Engines, LLC is a Delaware limited-liability company and deny the remaining allegations in this paragraph.

10.    Defendant Financial Engines Advisors, LLC [*sic*] ("FEA"), is a limited liability company organized and existing under the laws of the State of Delaware, having a principal place of business at 1050 Enterprise Way, Sunnyvale, CA 94089, and is and [*sic*] SEC-registered Investment Advisor Firm. FEA also conducts business under the names Edelman Financial Advisors and Financial Engines, and is affiliated with EFS. FEA is a wholly owned subsidiary of Engines LLC and its ultimate parent company is Engines LP.

**ANSWER:** Answering Defendants deny that Defendant Financial Engines Advisors L.L.C. conducts business under the name Edelman Financial Advisors and admit the remaining allegations in this paragraph.

11.    Defendant Hellman & Friedman, LLC ("Hellman") is a limited liability company organized and existing under the laws of the State of Delaware. Hellman maintains offices at 390 Park Avenue, 21st Floor, New York, NY 10022. Upon information and belief, Hellman is the ultimate parent company EFS, Engines LP, Engines LLC and FEA.

**ANSWER:** Answering Defendants deny the allegations in the last sentence of this paragraph. Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the remaining sentence of this paragraph and, on that basis, deny them.

12.    Defendant Ric Edelman is an individual residing in Great Falls, Virginia.

**ANSWER:** Answering Defendants admit the allegations in this paragraph.

13.    Together, EFS, Engines LP, Engines LLC, FEA, Hellman, and Edelman are referred to herein as the "Edelman Defendants" or "Defendants."

**ANSWER:** Answering Defendants acknowledge the nomenclature chosen by Plaintiff and will construe Plaintiff's allegations accordingly in answering the allegations made against them in the numbered paragraphs of the Complaint. Answering Defendants deny that Plaintiff's chosen nomenclature has any legal effect or accurately represents the

relationships between and among all Defendants, including but not limited to the

relationship between Answering Defendants and Defendant Hellman & Friedman, LLC.

### ALLEGED JURISDICTION AND VENUE

14.     This Court has jurisdiction over plaintiff's federal law claims under Section 30 of the Lanham Act, 15 U.S.C. § 1221, Sections 2201 and 2202 of the Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202; and 28 U.S.C. §§ 1331, 1338(a) and (b), and supplemental jurisdiction over plaintiff's state law claims under 28 U.S.C. 1367(a).

**ANSWER:** This paragraph contains legal conclusions to which no response is required.

15.     This Court has personal jurisdiction over each of defendants based upon their contacts with this forum, including regularly and intentionally doing business here and/or committing acts giving rise to this lawsuit here.

**ANSWER:** This paragraph contains legal conclusions to which no response is required.

To the extent a response is required, Answering Defendants admit that one or more

Answering Defendants do business in the Southern District of New York and deny the

remaining allegations in this paragraph.

16.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c), in that a substantial part of the events giving rise to plaintiff's claims occurred in this district, and one or more of defendants maintains its offices in this district.

**ANSWER:** This paragraph contains legal conclusions to which no response is required.

To the extent a response is required, Answering Defendants admit that one or more

Answering Defendants maintain offices in the Southern District of New York and deny

the remaining allegations in this paragraph.

<u>ALLEGED FACTS COMMON TO ALL CLAIMS</u>

I.   **Jalinski Advisory Group**

A.     **JAG's Alleged Brand and Services**

17.     Since early 2006, JAG has continuously provided financial advisory and investment management services for its clients under the brand name "The Financial Quarterback."

**ANSWER:** Answering Defendants lack sufficient knowledge or information to form a

belief as to the truth of the allegations in this paragraph and, on that basis, deny them.

18.     Since at least 2009, Jalinski, in his capacity as JAG's President and CEO, has hosted the Radio Programs titled "The Financial Quarterback," which provide listeners with advice regarding personal finance and wealth/investment management and is broadcast in the New York and New Jersey area on 710 AM WOR, 770 AM WABC and 1160 AM WOBM. The Radio Programs are broadcast weekly in major markets throughout the United States and are available nationally and internationally on www.iheartradio.com and the iHeartRadio app. More recently, Jalinski has made numerous and frequent public appearances on broadcast and cable television networks such as CNBC, in podcasts, and in seminars for actual and potential clients of JAG.

**ANSWER:** Answering Defendants lack sufficient knowledge or information to form a

belief as to the truth of the allegations in this paragraph and, on that basis, deny them.

19.     JAG maintains offices in New Jersey and New York, and The Radio Show originates in New York. JAG relies in part on The Radio Programs to advertise and promote the financial and investment management services provided by JAG.

**ANSWER:** Answering Defendants lack sufficient knowledge or information to form a

belief as to the truth of the allegations in this paragraph and, on that basis, deny them.

B.     **JAG's Alleged Asserted Trademark Rights**

20.     JAG is the owner of United States Trademark Serial Number 86353875, registered by the United States Patent and Trademark Office ("USPTO") on April 21, 2015, based on an application filed on July 31, 2014, for the word mark "The Financial Quarterback" in international class 41 for

educational and entertainment services; namely, conducting seminars, making personal appearances, performing speaking engagements, radio and television appearances, and ongoing radio programs in the fields of business, finance, investment, money management, and financial planning (the "Class 41 Trademark").

**ANSWER:** Answering Defendants lack sufficient knowledge or information to form a

belief as to the truth of the allegations in this paragraph and, on that basis, deny them.

21.     JAG is the assignee and owner of United States Trademark Serial Number 77752160, registered by the USPTO on April 27, 2010, registration number 3782665, based on an application filed on June 4, 2009, for the word mark "Financial Quarterback" in international class 36 for financial planning and investment advisory services, financial planning for retirement, and other such financial services (the "Class 36 Trademark"). This class 36 trademark has been acknowledged as incontestable pursuant to Section 15 of the Trademark Act, 15 U.S.C. §1065. JAG is also the owner of United States Trademark Serial Number 86314778, registered by the USPTO on November 28, 2017, registration number 5346562, based on an application filed on June 19, 2014, for the word mark "The Financial Quarterback" in international class 36 for financial planning and investment advisory services, financial planning for retirement, and other such financial services (collectively, the "Class 36 Trademarks").

**ANSWER:** Answering Defendants lack sufficient knowledge or information to form a

belief as to the truth of the allegations in this paragraph and, on that basis, deny them.

22.     JAG is the owner of United States Trademark Serial Number 86318879, registered by the USPTO on November 28, 2017, registration number 5346563, based on an application filed on June 24, 2014, for the word mark "The Financial Quarterback" in international class 35 for connecting buyers and sellers of financial assets, business management consulting (the "Class 35 Trademark").

**ANSWER:** Answering Defendants lack sufficient knowledge or information to form a

belief as to the truth of the allegations in this paragraph and, on that basis, deny them.

23.     Finally, JAG is the owner of United States Trademark Serial Number 86318944, registered by the USPTO on December 18, 2018, registration number 5633102, based on an application filed on June 24, 2014, for the word mark "The Financial Quarterback" in international class 9 for downloadable

computer software and electronic newsletters, publications and audio recordings in the field of financial analysis, and financial forecasting (the "Class 9 Trademark").

**ANSWER:** Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and, on that basis, deny them.

24.     By virtue of using the "Financial Quarterback Trademark" in commerce since 2006, JAG has established and is the owner of common law trademark rights for the word mark "The Financial Quarterback." JAG has also established and now owns common law trademark rights as a result of its use of the mark nationwide.

**ANSWER:** Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and, on that basis, deny them.

## II.     Defendants' Alleged Unauthorized Activities

25.     Defendants are engaged in the business of rendering business management, financial management, investment management, investment advisory, financial planning, and financial advisory services to their clients in interstate commerce, including in the New York area where Jalinski's Radio Programs are regularly available to listeners via over-the-air broadcast radio stations, internet streaming, and otherwise.

**ANSWER:** To the extent this paragraph states legal conclusions, no response is required. To the extent a response is required, Answering Defendants admit that they provide investment-management, investment-advisory, financial-planning, and financial-advisory services to their clients in the United States, including in the New York area. Answering Defendants deny that they provide business-management and financial-management services. Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph and, on that basis, deny them.

26.     Defendants and, in particular, Ric Edelman, individually and in his capacities as Executive Chairman and a registered representative of EFS and an officer and/or representative of FEA, Engines LLC, and Engines LP, have unlawfully and repeatedly used the Financial Quarterback Trademark, and confusingly similar phrases such as "Personal Finance Quarterback" and "Personal Financial Quarterback" in offering financial and investment advisory services to their clients, prospective clients, industry professionals and potential employees on defendants' web sites, in radio broadcasts, in promotional materials and advertising, and in personal appearances and presentations to their actual and prospective clients, industry professionals and potential employees. In addition, Edelman on behalf of the Edelman Defendants has used the Financial Quarterback Trademark and confusingly similar phrases such as "Personal Finance Quarterback" and "Personal Financial Quarterback" to recruit individual investment advisors to join their nation-wide network of investment advisors and financial professionals.

**ANSWER:** Answering Defendants deny the allegations in this paragraph.

27.     Upon information and belief, Hellman's partners play an active role in managing the Edelman Defendants under its control, including but not limited to EFS, Engines LP, Engines LLC, and FEA.

**ANSWER:** Answering Defendants deny the allegations in this paragraph.

28.     Defendants have repeatedly used JAG's Financial Quarterback Trademark and confusingly similar phrases such as "Personal Finance Quarterback" and "Personal Financial Quarterback" to characterize, identify, describe and market the aforesaid financial and educational services, and to recruit individual investment advisors to join their nation-wide network of investment advisors and financial professionals and perform the aforesaid financial and educational services.

**ANSWER:** Answering Defendants deny the allegations in this paragraph.

29.     None of defendants is related to or affiliated with JAG in any way and none of them have sought or received a license or authorization from JAG for any purpose whatsoever, including the acts described herein.

**ANSWER:** Answering Defendants admit the allegations in this paragraph but deny that a license or authorization from JAG is required with respect to any of Answering Defendants' acts alleged in the Complaint.

11

30.     Defendants' infringement of JAG's trademark unlawfully wrests from JAG control over its reputation and, upon information and belief, is unjustly enriching defendants.

**ANSWER:** Answering Defendants deny the allegations in this paragraph.

31.     Defendants' unauthorized acts as described herein have caused and will continue to cause irreparable damage to JAG and its business and goodwill unless restrained by this Court.

**ANSWER:** Answering Defendants deny the allegations in this paragraph.

32.     Upon information and belief, and as evidenced by the facts and circumstances alleged above, defendants have intentionally and willfully violated JAG's trademarks.

**ANSWER:** Answering Defendants deny the allegations in this paragraph.

## COUNT I
## Trademark Infringement under Section 32(1) of the Lanham Act
## (15 U.S.C. § 1114(1)) (JAG's Class 41 Trademark)

33.     JAG repeats and incorporates herein by reference each of the foregoing allegations.

**ANSWER:** Answering Defendants repeat and incorporate herein by reference their answers to each of the foregoing paragraphs.

34.     Defendants' use of JAG's "Financial Quarterback Trademark" and confusingly similar phrases such as "Personal Finance Quarterback" and "Personal Financial Quarterback" constitutes knowing, deliberate and willful infringement of JAG's Class 41 Trademark under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

**ANSWER:** Answering Defendants deny the allegations in this paragraph.

35.     Defendants' use of JAG's "Financial Quarterback Trademark" and confusingly similar phrases such as "Personal Finance Quarterback" and "Personal Financial Quarterback" is likely to cause confusion, cause mistake, and/or deceive as to the affiliation, connection or association between defendants and JAG, and/or as to JAG's sponsorship or approval of defendants' goods, services and/or commercial activities.

**ANSWER:** Answering Defendants deny the allegations in this paragraph.

36.     Defendants' aforesaid conduct has been undertaken knowingly, willfully and in bad faith.

**ANSWER:** Answering Defendants deny the allegations in this paragraph.

37.     As a result of defendants' infringement, JAG is entitled to injunctive relief and is also entitled to recover their profits, JAG's non-duplicative actual damages, enhanced profits and damages, and costs and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116 and 1117.

**ANSWER:** Answering Defendants deny the allegations in this paragraph.

## COUNT II
### Trademark Infringement under Section 32(1) of the Lanham Act
### (15 U.S.C. § 1114(1)) (JAG's Class 36 Trademarks)

38.     JAG repeats and incorporates herein by reference each of the foregoing allegations.

**ANSWER:** Answering Defendants repeat and incorporate herein by reference their answers to each of the foregoing paragraphs.

39.     Defendants' use of JAG's "Financial Quarterback Trademark" and confusingly similar phrases such as "Personal Finance Quarterback" and "Personal Financial Quarterback" constitutes knowing, deliberate and willful infringement of JAG's Class 36 Trademarks under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

**ANSWER:** Answering Defendants deny the allegations in this paragraph.

40.     Defendants' use of JAG's "Financial Quarterback Trademark" and confusingly similar phrases such as "Personal Finance Quarterback" and "Personal Financial Quarterback" is likely to cause confusion, cause mistake and/or deceive

as to the affiliation, connection or association between defendants and JAG, and/or as to JAG's sponsorship or approval of defendants' goods, services and/or commercial activities.

**ANSWER:** Answering Defendants deny the allegations in this paragraph.

41.   Defendants' aforesaid conduct has been undertaken knowingly, willfully and in bad faith.

**ANSWER:** Answering Defendants deny the allegations in this paragraph.

42.   As a result of defendants' infringement, JAG is entitled to injunctive relief and is also entitled to recover their profits, JAG's non-duplicative actual damages, enhanced profits and damages, and costs and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116 and 1117.

**ANSWER:** Answering Defendants deny the allegations in this paragraph.

### C<small>OUNT</small> III
**Trademark Infringement under Section 32(1) of the Lanham Act
(15 U.S.C. § 1114(1)) (JAG's Class 35 Trademark)**

43.   JAG repeats and incorporates herein by reference each of the foregoing allegations.

**ANSWER:** Answering Defendants repeat and incorporate herein by reference their answers to each of the foregoing paragraphs.

44.   Defendants' use of JAG's "Financial Quarterback Trademark" and confusingly similar phrases such as "Personal Finance Quarterback" and "Personal Financial Quarterback" constitutes knowing, deliberate and willful infringement of JAG's Class 35 Trademark under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

**ANSWER:** Answering Defendants deny the allegations in this paragraph.

45.     Defendants' use of JAG's "Financial Quarterback Trademark" and confusingly similar phrases such as "Personal Finance Quarterback" and "Personal Financial Quarterback" is likely to cause confusion, cause mistake and/or deceive as to the affiliation, connection or association between defendants and JAG, and/or as to JAG's sponsorship or approval of defendants' goods, services and/or commercial activities.

**ANSWER:** Answering Defendants deny the allegations in this paragraph.

46.     Defendants' aforesaid conduct has been undertaken knowingly, willfully and in bad faith.

**ANSWER:** Answering Defendants deny the allegations in this paragraph.

47.     As a result of defendants' infringement, JAG is entitled to injunctive relief and is also entitled to recover their profits, JAG's non-duplicative actual damages, enhanced profits and damages, and costs and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116 and 1117.

**ANSWER:** Answering Defendants deny the allegations in this paragraph.

## COUNT IV
### Trademark Infringement under Section 32(1) of the Lanham Act
### (15 U.S.C. § 1114(1)) (JAG's Class 9 Trademark)

48.     JAG repeats and incorporates herein by reference each of the foregoing allegations.

**ANSWER:** Answering Defendants repeat and incorporate herein by reference their answers to each of the foregoing paragraphs.

49.     Defendants' use of JAG's "Financial Quarterback Trademark" and confusingly similar phrases such as "Personal Finance Quarterback" and "Personal Financial Quarterback" constitutes knowing, deliberate and willful infringement of JAG's Class 9 Trademark under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

**ANSWER:** Answering Defendants deny the allegations in this paragraph.

50.     Defendants' use of JAG's "Financial Quarterback Trademark" and confusingly similar phrases such as "Personal Finance Quarterback" and "Personal Financial Quarterback" is likely to cause confusion, cause mistake and/or deceive

15

as to the affiliation, connection or association between defendants and JAG, and/or as to JAG's sponsorship or approval of defendants' goods, services and/or commercial activities.

**ANSWER:** Answering Defendants deny the allegations in this paragraph.

51.     Defendants' aforesaid conduct has been undertaken knowingly, willfully and in bad faith.

**ANSWER:** Answering Defendants deny the allegations in this paragraph.

52.     As a result of defendants' infringement, JAG is entitled to injunctive relief and is also entitled to recover their profits, JAG's non-duplicative actual damages, enhanced profits and damages, and costs and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116 and 1117.

**ANSWER:** Answering Defendants deny the allegations in this paragraph.

**COUNT V**

**Unfair Competition and False Designation of Origin under Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)) (JAG's Class 41 Trademark)**

53.     JAG repeats and incorporates herein by reference each of the foregoing allegations.

**ANSWER:** Answering Defendants repeat and incorporate herein by reference their answers to each of the foregoing paragraphs.

54.     Defendants' use of JAG's "Financial Quarterback Trademark" and confusingly similar phrases such as "Personal Finance Quarterback" and "Personal Financial Quarterback" constitutes a false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

**ANSWER:** Answering Defendants deny the allegations in this paragraph.

55.     Defendants' use of JAG's "Financial Quarterback Trademark" and confusingly similar phrases such as "Personal Finance Quarterback" and "Personal Financial Quarterback" is likely to cause confusion, cause mistake and/or deceive as to the affiliation, connection or association between defendants and JAG, and/or as to JAG's sponsorship or approval of defendants' goods, services and/or commercial activities. ASB owns Trade Secret Information related to the technical details and design of its ASB-150DPW machines and molds used therein.

**ANSWER:** Answering Defendants deny the allegations in this paragraph.

56.     Defendants' use of JAG's "Financial Quarterback Trademark" and confusingly similar phrases such as "Personal Finance Quarterback" and "Personal Financial Quarterback" has caused, and unless enjoined, will continue to cause substantial and irreparable injury to JAG for which JAG has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with the "Financial Quarterback Trademark."

**ANSWER:** Answering Defendants deny the allegations in this paragraph.

57.     Defendants' aforesaid conduct has been undertaken knowingly, willfully and in bad faith.

**ANSWER:** Answering Defendants deny the allegations in this paragraph.

58.     As a result of defendants' infringement, JAG is entitled to injunctive relief and is also entitled to recover their profits, JAG's non-duplicative actual damages, enhanced profits and damages, and costs and reasonable attorneys' fees under 15 U.S.C. §§ 1125(a), 1116 and 1117.

**ANSWER:** Answering Defendants deny the allegations in this paragraph.

**COUNT VI**
**Unfair Competition and False Designation of Origin under Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)) (JAG's Class 36 Trademarks)**

59.     JAG repeats and incorporates herein by reference each of the foregoing allegations.

**ANSWER:** Answering Defendants repeat and incorporate herein by reference their answers to each of the foregoing paragraphs.

60.     Defendants' use of JAG's "Financial Quarterback Trademark" and confusingly similar phrases such as "Personal Finance Quarterback" and "Personal Financial Quarterback" constitutes a false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

**ANSWER:** Answering Defendants deny the allegations in this paragraph.

61.     Defendants' use of JAG's "Financial Quarterback Trademark" and confusingly similar phrases such as "Personal Finance Quarterback" and "Personal Financial Quarterback" is likely to cause confusion, cause mistake and/or deceive as to the affiliation, connection or association between defendants and JAG, and/or as to JAG's sponsorship or approval of defendants' goods, services and/or commercial activities.

**ANSWER:** Answering Defendants deny the allegations in this paragraph.

62.     Defendants' use of JAG's "Financial Quarterback Trademark" and confusingly similar phrases such as "Personal Finance Quarterback" and "Personal Financial Quarterback" has caused, and unless enjoined, will continue to cause substantial and irreparable injury to JAG for which JAG has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with the "Financial Quarterback Trademark."

**ANSWER:** Answering Defendants deny the allegations in this paragraph.

63.     Defendants' aforesaid conduct has been undertaken knowingly, willfully and in bad faith.

**ANSWER:** Answering Defendants deny the allegations in this paragraph.

64.     As a result of defendants' infringement, JAG is entitled to injunctive relief and is also entitled to recover their profits, JAG's non-duplicative actual damages, enhanced profits and damages, and costs and reasonable attorneys' fees under 15 U.S.C. §§ 1125(a), 1116 and 1117.

**ANSWER:** Answering Defendants deny the allegations in this paragraph.

<u>COUNT VII</u>
## Unfair Competition and False Designation of Origin under Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)) (JAG's Class 35 Trademark)

65.    JAG repeats and incorporates herein by reference each of the foregoing allegations.

**ANSWER:** Answering Defendants repeat and incorporate herein by reference their answers to each of the foregoing paragraphs.

66.    Defendants' use of JAG's "Financial Quarterback Trademark" and confusingly similar phrases such as "Personal Finance Quarterback" and "Personal Financial Quarterback" constitutes a false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

**ANSWER:** Answering Defendants deny the allegations in this paragraph.

67.    Defendants' use of JAG's "Financial Quarterback Trademark" is likely to cause confusion, cause mistake and/or deceive as to the affiliation, connection or association between defendants and JAG, and/or as to JAG's sponsorship or approval of defendants' goods, services and/or commercial activities.

**ANSWER:** Answering Defendants deny the allegations in this paragraph.

68.    Defendants' use of JAG's "Financial Quarterback Trademark" and confusingly similar phrases such as "Personal Finance Quarterback" and "Personal Financial Quarterback" has caused, and unless enjoined, will continue to cause substantial and irreparable injury to JAG for which JAG has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with the "Financial Quarterback Trademark."

**ANSWER:** Answering Defendants deny the allegations in this paragraph.

69.    Defendants' aforesaid conduct has been undertaken knowingly, willfully and in bad faith.

**ANSWER:** Answering Defendants deny the allegations in this paragraph.

70.    As a result of defendants' infringement, JAG is entitled to injunctive relief and is also entitled to recover defendants' profits, JAG's non-duplicative

actual damages, enhanced profits and damages, and costs and reasonable attorneys' fees under 15 U.S.C. §§ 1125(a), 1116 and 1117.

**ANSWER:** Answering Defendants deny the allegations in this paragraph.

<u>COUNT VIII</u>
**Unfair Competition and False Designation of Origin under Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)) (JAG's Class 9 Trademark)**

71.    JAG repeats and incorporates herein by reference each of the foregoing allegations.

**ANSWER:** Answering Defendants repeat and incorporate herein by reference their answers to each of the foregoing paragraphs.

72.    Defendants' use of JAG's "Financial Quarterback Trademark" and confusingly similar phrases such as "Personal Finance Quarterback" and "Personal Financial Quarterback" constitutes a false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

**ANSWER:** Answering Defendants deny the allegations in this paragraph.

73.    Defendants' use of JAG's "Financial Quarterback Trademark" and confusingly similar phrases such as "Personal Finance Quarterback" and "Personal Financial Quarterback" is likely to cause confusion, cause mistake and/or deceive as to the affiliation, connection or association between defendants and JAG, and/or as to JAG's sponsorship or approval of defendants' goods, services and/or commercial activities.

**ANSWER:** Answering Defendants deny the allegations in this paragraph.

74.    Defendants' use of JAG's "Financial Quarterback Trademark" and confusingly similar phrases such as "Personal Finance Quarterback" and "Personal Financial Quarterback" has caused, and unless enjoined, will continue to cause substantial and irreparable injury to JAG for which JAG has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with the "Financial Quarterback Trademark."

**ANSWER:** Answering Defendants deny the allegations in this paragraph.

75.     Defendants' aforesaid conduct has been undertaken knowingly, willfully and in bad faith.

**ANSWER:** Answering Defendants deny the allegations in this paragraph.

76.     As a result of defendants' infringement, JAG is entitled to injunctive relief and is also entitled to recover their profits, JAG's non-duplicative actual damages, enhanced profits and damages, and costs and reasonable attorneys' fees under 15 U.S.C. §§ 1125(a), 1116 and 1117.

**ANSWER:** Answering Defendants deny the allegations in this paragraph.

<u>COUNT IX</u>
**Trademark Dilution under Section 43(c) of the Lanham Act (15 U.S.C. § 1125(c))**
**(JAG's Class 41 Trademark)**

77.     JAG repeats and incorporates herein by reference each of the foregoing allegations.

**ANSWER:** Answering Defendants repeat and incorporate herein by reference their answers to each of the foregoing paragraphs.

78.     As a result of JAG's popular radio show, JAG's "Financial Quarterback Trademark" has gained distinctiveness and is entitled to protection against dilution by blurring or tarnishment.

**ANSWER:** Answering Defendants deny the allegations in this paragraph.

79.     Defendants' use of JAG's "Financial Quarterback Trademark" and confusingly similar phrases such as "Personal Finance Quarterback" and "Personal Financial Quarterback" constitutes dilution of JAG's Class 41 Trademark under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

**ANSWER:** Answering Defendants deny the allegations in this paragraph.

80.     Defendants' use of JAG's "Financial Quarterback Trademark" and confusingly similar phrases such as "Personal Finance Quarterback" and "Personal Financial Quarterback" is likely to dilute the trademark at least by eroding the public's identification of the trademark with JAG and by lessening the capacity of the trademark to identify and distinguish JAG's goods and/or services.

**ANSWER:** Answering Defendants deny the allegations in this paragraph.

81. Defendants' aforesaid conduct has been undertaken knowingly, willfully and in bad faith.

**ANSWER:** Answering Defendants deny the allegations in this paragraph.

82. As a result of defendants' dilution of JAG's "Financial Quarterback Trademark," JAG is entitled to injunctive relief and is also entitled to recover their profits, JAG's non-duplicative actual damages, enhanced profits and damages, and costs and reasonable attorneys' fees under 15 U.S.C. §§ 1125(c), 1116 and 1117.

**ANSWER:** Answering Defendants deny the allegations in this paragraph.

<u>COUNT X</u>
**Trademark Dilution under Section 43(c) of the Lanham Act (15 U.S.C. § 1125(c))
(JAG's Class 36 Trademarks)**

83. JAG repeats and incorporates herein by reference each of the foregoing allegations.

**ANSWER:** Answering Defendants repeat and incorporate herein by reference their answers to each of the foregoing paragraphs.

84. As a result of JAG's popular radio show, JAG's "Financial Quarterback Trademark" has gained distinctiveness and is entitled to protection against dilution by blurring or tarnishment.

**ANSWER:** Answering Defendants deny the allegations in this paragraph.

85. Defendants' use of JAG's "Financial Quarterback Trademark" and confusingly similar phrases such as "Personal Finance Quarterback" and "Personal Financial Quarterback" constitutes dilution of JAG's Class 36 Trademarks under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

**ANSWER:** Answering Defendants deny the allegations in this paragraph.

86. Defendants' use of JAG's "Financial Quarterback Trademark" and confusingly similar phrases such as "Personal Finance Quarterback" and "Personal Financial Quarterback" is likely to dilute the trademark at least by eroding the public's identification of the trademark with JAG and by lessening the capacity of the trademark to identify and distinguish JAG's goods and/or services.

**ANSWER:** Answering Defendants deny the allegations in this paragraph.

87.    Defendants' aforesaid conduct has been undertaken knowingly, willfully and in bad faith.

**ANSWER:** Answering Defendants deny the allegations in this paragraph.

88.    As a result of defendants' dilution of JAG's "Financial Quarterback Trademark," JAG is entitled to injunctive relief and is also entitled to recover their profits, JAG's nonduplicative actual damages, enhanced profits and damages, and costs and reasonable attorneys' fees under 15 U.S.C. §§ 1125(c), 1116 and 1117.

**ANSWER:** Answering Defendants deny the allegations in this paragraph.

<u>COUNT XI</u>
**Trademark Dilution under Section 43(c) of the Lanham Act (15 U.S.C. § 1125(c))**
**(JAG's Class 35 Trademark)**

89.    JAG repeats and incorporates herein by reference each of the foregoing allegations.

**ANSWER:** Answering Defendants repeat and incorporate herein by reference their

answers to each of the foregoing paragraphs.

90.    As a result of JAG's popular radio show, JAG's "Financial Quarterback Trademark" has gained distinctiveness and is entitled to protection against dilution by blurring or tarnishment.

**ANSWER:** Answering Defendants deny the allegations in this paragraph.

91.    Defendants' use of JAG's "Financial Quarterback Trademark" and confusingly similar phrases such as "Personal Finance Quarterback" and "Personal Financial Quarterback" constitutes dilution of JAG's Class 35 Trademark under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

**ANSWER:** Answering Defendants deny the allegations in this paragraph.

92.    Defendants' use of JAG's "Financial Quarterback Trademark" and confusingly similar phrases such as "Personal Finance Quarterback" and "Personal Financial Quarterback" is likely to dilute the trademark at least by eroding the public's identification of the trademark with JAG and by lessening the capacity of the trademark to identify and distinguish JAG's goods and/or services.

**ANSWER:** Answering Defendants deny the allegations in this paragraph.

93.     Defendants' aforesaid conduct has been undertaken knowingly, willfully and in bad faith.

**ANSWER:** Answering Defendants deny the allegations in this paragraph.

94.     As a result of defendants' dilution of JAG's "Financial Quarterback Trademark," JAG is entitled to injunctive relief and is also entitled to recover their profits, JAG's nonduplicative actual damages, enhanced profits and damages, and costs and reasonable attorneys' fees under 15 U.S.C. §§ 1125(c), 1116 and 1117.

**ANSWER:** Answering Defendants deny the allegations in this paragraph.

## COUNT XII
### Trademark Dilution under Section 43(c) of the Lanham Act (15 U.S.C. § 1125(c)) (JAG's Class 9 Trademark)

95.     JAG repeats and incorporates herein by reference each of the foregoing allegations.

**ANSWER:** Answering Defendants repeat and incorporate herein by reference their answers to each of the foregoing paragraphs.

96.     Defendants' use of JAG's "Financial Quarterback Trademark" and confusingly similar phrases such as "Personal Finance Quarterback" and "Personal Financial Quarterback" constitutes dilution of JAG's Class 35 Trademark under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

**ANSWER:** Answering Defendants deny the allegations in this paragraph.

97.     Defendants' use of JAG's "Financial Quarterback Trademark" and confusingly similar phrases such as "Personal Finance Quarterback" and "Personal Financial Quarterback" is likely to dilute the trademark at least by eroding the public's identification of the trademark with JAG and by lessening the capacity of the trademark to identify and distinguish JAG's goods and/or services.

**ANSWER:** Answering Defendants deny the allegations in this paragraph.

98.     Defendants' aforesaid conduct has been undertaken knowingly, willfully and in bad faith.

**ANSWER:** Answering Defendants deny the allegations in this paragraph.

99.    As a result of defendants' dilution of JAG's "Financial Quarterback Trademark," JAG is entitled to injunctive relief and is also entitled to recover their profits, JAG's nonduplicative actual damages, enhanced profits and damages, and costs and reasonable attorneys' fees under 15 U.S.C. §§ 1125(c), 1116 and 1117.

**ANSWER:** Answering Defendants deny the allegations in this paragraph.

## COUNT XIII
### Common Law Trademarks Infringement and Unfair Competition

100.    JAG repeats and incorporates herein by reference each of the foregoing allegations.

**ANSWER:** Answering Defendants repeat and incorporate herein by reference their answers to each of the foregoing paragraphs.

101.    Defendants' use of JAG's "Financial Quarterback Trademark" and confusingly similar phrases such as "Personal Finance Quarterback" and "Personal Financial Quarterback" constitutes common law trademark infringement and unfair competition with JAG under the common law of the State of New York.

**ANSWER:** Answering Defendants deny the allegations in this paragraph.

102.    Defendants' use of JAG's "Financial Quarterback Trademark" and confusingly similar phrases such as "Personal Finance Quarterback" and "Personal Financial Quarterback" is likely to cause confusion, cause mistake and/or deceive as to the affiliation, connection or association between defendants and JAG, and/or as to JAG's sponsorship or approval of defendants' goods, services and/or commercial activities.

**ANSWER:** Answering Defendants deny the allegations in this paragraph.

103.    Defendants' use of JAG's "Financial Quarterback Trademark" and confusingly similar phrases such as "Personal Finance Quarterback" and "Personal Financial Quarterback" has caused, and unless enjoined, will continue to cause substantial and irreparable injury to JAG for which JAG has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with the "Financial Quarterback Trademark."

**ANSWER:** Answering Defendants deny the allegations in this paragraph.

104.   Defendants' aforesaid conduct has been undertaken knowingly, willfully and in bad faith.

**ANSWER:** Answering Defendants deny the allegations in this paragraph.

105.   As a result of defendants' conduct, JAG is entitled to injunctive relief and is also entitled to recover their profits, JAG's non-duplicative actual damages, punitive damages, and costs and reasonable attorneys' fees.

**ANSWER:** Answering Defendants deny the allegations in this paragraph.

<u>COUNT XIV</u>
**Trademark Infringement under New York General Business Law § 133**

106.   JAG repeats and incorporates herein by reference each of the foregoing allegations.

**ANSWER:** Answering Defendants repeat and incorporate herein by reference their

answers to each of the foregoing paragraphs.

107.   Defendants' use of JAG's "Financial Quarterback Trademark" and confusingly similar phrases such as "Personal Finance Quarterback" and "Personal Financial Quarterback" constitutes a violation of Section 133 of the New York General Business Law.

**ANSWER:** Answering Defendants deny the allegations in this paragraph.

108.   Defendants' use of JAG's "Financial Quarterback Trademark" and confusingly similar phrases such as "Personal Finance Quarterback" and "Personal Financial Quarterback" is likely to cause confusion, cause mistake and/or deceive as to the affiliation, connection or association between defendants and JAG, and/or as to JAG's sponsorship or approval of defendants' goods, services and/or commercial activities.

**ANSWER:** Answering Defendants deny the allegations in this paragraph.

109.   Defendants' use of JAG's "Financial Quarterback Trademark" and confusingly similar phrases such as "Personal Finance Quarterback" and "Personal Financial Quarterback" has caused, and unless enjoined, will continue to cause substantial and irreparable injury to JAG for which JAG has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with the "Financial Quarterback Trademark."

**ANSWER:** Answering Defendants deny the allegations in this paragraph.

110.   Defendants' aforesaid conduct has been undertaken knowingly, willfully and in bad faith.

**ANSWER:** Answering Defendants deny the allegations in this paragraph.

111.   As a result of defendants' conduct, JAG is entitled to injunctive relief enjoining defendants' conduct described above.

**ANSWER:** Answering Defendants deny the allegations in this paragraph.

### COUNT XV
### Dilution under New York General Business Law § 360-L

112.   JAG repeats and incorporates herein by reference each of the foregoing allegations.

**ANSWER:** Answering Defendants repeat and incorporate herein by reference their answers to each of the foregoing paragraphs.

113.   Defendants' use of JAG's "Financial Quarterback Trademark" and confusingly similar phrases such as "Personal Finance Quarterback" and "Personal Financial Quarterback" constitutes a violation of Section 360-L of the New York General Business Law.

**ANSWER:** Answering Defendants deny the allegations in this paragraph.

114.    Defendants' use of JAG's "Financial Quarterback Trademark" and confusingly similar phrases such as "Personal Finance Quarterback" and "Personal Financial Quarterback" is likely to dilute the trademark at least by eroding the public's identification of the trademark with JAG and by lessening the capacity of the and confusingly similar phrases such as "Personal Finance Quarterback" and "Personal Financial Quarterback" trademark to identify and distinguish JAG's goods and/or services.

**ANSWER:** Answering Defendants deny the allegations in this paragraph.

115.    Defendants' use of JAG's "Financial Quarterback Trademark" has caused, and unless enjoined, will continue to cause substantial and irreparable injury to JAG for which JAG has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with the "Financial Quarterback Trademark."

**ANSWER:** Answering Defendants deny the allegations in this paragraph.

116.    Defendants' aforesaid conduct has been undertaken knowingly, willfully and in bad faith.

**ANSWER:** Answering Defendants deny the allegations in this paragraph.

117.    As a result of defendants' conduct, JAG is entitled to injunctive relief enjoining defendants' conduct described above.

**ANSWER:** Answering Defendants deny the allegations in this paragraph.

## GENERAL DENIAL

Answering Defendants deny all remaining allegations not specifically admitted herein.

## RESPONSE TO RELIEF SOUGHT

Answering Defendants deny that they have infringed or diluted any valid, enforceable trademark; engaged in unfair competition; used any false designation of origin; committed any acts with the intent to deceive or mislead; or otherwise violated any federal or state statutory or common-law rights of Plaintiff as alleged in the

Complaint. Answering Defendants deny that Plaintiff is entitled to any of the relief set forth in its Prayer for Relief, including specifically paragraphs 1.a–f and 2–9.

## SEPARATE DEFENSES

Answering Defendants set forth the following separate defenses and do not intend to limit thereby Answering Defendants' ability to seek to allege any and all defenses not presently known that are revealed during the course of discovery or at trial in this case. Answering Defendants assert these defenses, affirmative or otherwise, without assuming any burden of proof that they would not otherwise have.

1.      Plaintiff's Complaint or one or more claims or causes of action therein fail to state a claim upon which any relief may be granted.

2.      Plaintiff's claims and causes of action are barred, in whole or in part, by the doctrines of estoppel, waiver, and/or acquiescence.

3.      Plaintiff's claims and causes of action are barred, in whole or in part, by the doctrine of unclean hands.

4.      Plaintiff's claims and causes of action are barred, in whole or in part, by the doctrine of trademark misuse.

5.      Plaintiff's claims and causes of action are barred, in whole or in part, by the applicable statute(s) of limitation and/or the doctrine of laches.

6.      Plaintiff's claims and causes of action are barred, in whole or in part, by the doctrines of fair use, nominative fair use, and/or descriptive fair use.

7.      Plaintiff's claims and causes of action are barred, in whole or in part, by Plaintiff's failure to mitigate damages.

8.     Plaintiff's claims and causes of action are barred, in whole or in part, by the fact that some or all of the marks upon which this action is brought are generic or merely descriptive.

9.     Plaintiff's claims and causes of action are barred, in whole or in part, because to the extent Answering Defendants used any marks upon which this action is brought, such use was prior to Plaintiff's first use of those marks, and Answering Defendants therefore have superior rights in and to the phrase "financial quarterback" in connection with the stated services.

10.     Plaintiff's claims and causes of action are barred, in whole or in part, because the marks upon which this action is brought are so diluted due to third-party use that such marks are entitled to only the narrowest scope of protection.

11.     Plaintiff's claims and causes of action are barred, in whole or in part, because the marks upon which the action is brought are not famous, including but not limited to as that term is defined in 15 U.S.C. § 1125(c)(1).

12.     Plaintiff's claims and causes of action are barred, in whole or in part, because to the extent Answering Defendants have used the words "financial quarterback," such use was in a descriptive manner and not as a trademark or source identifier of their services.

13.     Plaintiff's claims and causes of action are barred, in whole or in part, because Plaintiff does not own the marks upon which the action is brought.

14.     Plaintiff's claims and causes of action are barred, in whole or in part, by virtue of fraud on the United States Patent and Trademark Office in the prosecution

and/or maintenance of the asserted registrations and pending applications. Plaintiff intentionally withheld information that the marks upon which the action is brought were widely used prior to Plaintiff's use and/or registration by persons and companies offering accounting, tax, business-management, financial, financial-management, financial-planning, and financial-advisory services, as well as education relating to such services.

15.    Plaintiff's claims and causes of action are barred, in whole or in part, because Answering Defendants' infringement, if any, was neither intentional, in bad faith, with deceptive intent, nor willful and, in fact, was without knowledge of Plaintiff's asserted rights.

16.    Plaintiff's claims and causes of action are barred, in whole or in part, because Plaintiff's damages, if any, were not caused by Answering Defendants.

17.    Plaintiff is not entitled to injunctive relief because it has, at a minimum, no irreparable (alleged) damages and an adequate remedy at law.

18.    Plaintiff's claims and causes of action are barred, in whole or in part, because Plaintiff seeks overlapping and duplicative recoveries for a single alleged wrong.

19.    Answering Defendants reserve the right to rely on all defenses under Federal Rule of Civil Procedure 8, Title 15 of the United States Code, and any other defense, at law or at equity, that now exists, or that may in the future be available through information obtained through discovery or at trial.

## **COUNTERCLAIMS**

Defendants/Counterclaimants, Edelman Financial Services, LLC; Edelman Financial Engines, L.P.; Edelman Financial Engines, LLC; Financial Engines Advisors

L.L.C.; and Fredric Mark Edelman a/k/a Ric Edelman (collectively "Counterclaimants"), plead the following Counterclaims against Plaintiff/Counterclaim Defendant, Jalinski Advisory Group, Inc. ("Jalinski"):

## THE PARTIES

1.     Edelman Financial Services, LLC is a Delaware limited-liability company organized with a principal place of business at 4000 Legato Road, Fairfax, Virginia 22033.

2.     Edelman Financial Engines, L.P. is Delaware limited-liability partnership with a principal place of business at 4000 Legato Road, Fairfax, Virginia 22033.

3.     Edelman Financial Engines, LLC is a Delaware limited-liability company with a principal address and place of business at 1050 Enterprise Way, Sunnyvale, California 94089.

4.     Financial Engines Advisors L.L.C. is a Delaware limited-liability company with a principal place of business at 1050 Enterprise Way, Sunnyvale, California 94089.

5.     Defendant Fredric Mark Edelman a/k/a Ric Edelman is an individual residing in Great Falls, Virginia.

6.     Upon information and belief, Jalinski is a New Jersey Corporation with a principal place of business at 1400 Hooper Avenue, Suite 210, Toms River, New Jersey 08753.

## JURISDICTION AND VENUE

7.     These Counterclaims are brought under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202.

8.      This Court has subject-matter jurisdiction over these Counterclaims based on 15 U.S.C. §§ 1119 and 1121 and 28 U.S.C. §§ 1331, 1338, and 1367.

9.      Upon information and belief, Jalinski is subject to personal jurisdiction in this Court because it has maintained offices at 111 Broadway, New York, New York 10006 and has otherwise transacted business in this District. Jalinski is further subject to personal jurisdiction in this Court and venue in this District because it commenced this action.

## STATEMENT OF FACTS

10.     Counterclaimants do not use and never have used Jalinski's purported trademarks.

11.     Counterclaimants had never heard of Jalinski and were not aware of the purported trademarks before being served with a copy of Jalinski's Complaint in this lawsuit.

12.     The term "financial quarterback" is commonly used in the wealth-management industry in the United States as a shorthand reference to the coordination of a set of generalized financial services, including financial-planning, financial-management, financial-advisory retirement-planning, investment-advisory, and investment-management services.

13.     In addition to its football-specific meaning, the term "quarterback" in business means "a person who directs or coordinates an operation or project" and in general usage means "one who leads and directs." *Oxford English Dictionary*, "quarterback," *available at* https://www.lexico.com/en/definition/quarterback; *Merriam-*

33

*Webster Dictionary*, "quarterback," *available at* https://www.merriam-webster.com/dictionary/quarterback (both accessed Oct. 3, 2019).

14.    The term "financial quarterback" is often used in a descriptive nature in financial periodicals as a reference to the coordination of generalized financial services, including financial-planning, financial-management, financial-advisory retirement-planning, investment-advisory, and investment-management services.

15.    To the extent Counterclaimants have used the phrase "financial quarterback," such use, if any, has been descriptive and/or generic in nature.

16.    Upon information and belief, Jalinski has licensed use of the THE FINANCIAL QUARTERBACK mark (as defined in paragraphs 2 and 20–23 of the Complaint) to the original registrant of U.S. Trademark Registration No. 3,782,665, Investment Financial Services, Inc., without any quality-control contractual provisions or obligations.

17.    Upon information and belief, Jalinski has attempted to assert its purported trademarks against over 100 different financial-advisory professionals and firms and has sent hundreds of letters to those individuals and businesses seeking a license or settlement.

18.    Upon information and belief, this lawsuit is only one of multiple trademark-infringement lawsuits Jalinski has filed in 2018 and 2019 with complaints that are substantially identical to one another, suggesting that Jalinski is merely an intellectual-property licensing entity seeking revenue via dubious claims of infringement—*i.e.*, a "troll."

34

19.     Upon information and belief, the defendants in the other actions filed by Jalinski in 2018 and 2019, like Counterclaimants, employed the term "financial quarterback"—if at all—in a normative or descriptive manner to characterize their respective services.

20.     Upon information and belief, the defendants in the other actions filed by Jalinski in 2018 and 2019, like Counterclaimants, employed the term "financial quarterback"—if at all—without any intent to trade on the goodwill of Jalinski.

21.     Upon information and belief, Jalinski intends to use and has used the threat of prolonged litigation in this action and the other actions it filed in 2018 and 2019 to coerce monetary settlements from Counterclaimants and the other defendants.

22.     Upon information and belief, Jalinski's Trademark Registration Nos. 3,782,665, 4,722,740, 5,346,562, 5,346,563, and 5,633,102 are currently subject to cancellation proceedings as a result of Jalinski's litigious posture.

23.     As set forth below, there is an actual and ongoing controversy between Jalinski and Counterclaimants as to whether any alleged activity by Counterclaimants infringes any valid and enforceable trademarks owned by Jalinski.

### FIRST COUNTERCLAIM
**Declaratory Judgment of Noninfringement**

24.     Counterclaimants repeat and reallege paragraphs 1–23 of the Counterclaims as though fully set forth herein.

25.     Upon information and belief, there are multiple prior and continuous third-party uses of the term "financial quarterback" in connection with financial-planning,

financial-management, financial-advisory retirement-planning, investment-advisory, and investment-management services.

26.    To the extent Jalinski possesses trademark rights, if any, in the asserted FINANCIAL QUARTERBACK or THE FINANCIAL QUARTERBACK marks (as defined in paragraphs 2 and 20–23 of the Complaint), the asserted marks are generic, weak, and/or descriptive, and entitled to narrow protection, and such marks are not famous.

27.    Use of the term "financial quarterback," if any, by Counterclaimants is not likely to cause confusion, mistake, or deception or to confuse the relevant public as to source, sponsorship, or affiliation with Jalinski.

28.    There are significant differences between Counterclaimants' use, if any, of the term "financial quarterback" and the way Jalinski's purported trademarks are actually used in commerce, including differences in the relevant services and/or goods, customers, and channels of trade.

29.    Use of the term "financial quarterback," if any, by Counterclaimants and, upon information and belief, by others, has existed in the marketplace alongside Jalinski's purported trademarks for many years without any confusion, and such use is not likely to cause confusion, mistake, or deception as to origin.

30.    To the extent any trademark use occurred, Counterclaimants used the term "financial quarterback" in a descriptive manner only.

31.    To the extent any trademark use occurred, Counterclaimants' use of the term "financial quarterback" was fair use.

32.     Counterclaimants are being damaged and will be damaged in the future by the enforcement of Jalinski's purported trademarks against Counterclaimants.

33.     Thus, there is an actual, substantial, and continuing justiciable case or controversy between Counterclaimants and Jalinski that is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

34.     Accordingly, Counterclaimants are entitled to a declaratory judgment that they do not infringe or dilute Jalinski's purported trademarks or otherwise violate state or federal statutory or common law with respect to same.

### SECOND COUNTERCLAIM
### Cancellation of Jalinski's Trademark Registrations

35.     Counterclaimants repeat and reallege paragraphs 1–34 of the Counterclaims as though fully set forth herein.

36.     Upon information and belief, third parties have continuously used the phrase "financial quarterback" generically and descriptively since before September 10, 2008—the alleged date of Jalinski's purported first use of the phrase in interstate commerce, as indicated in U.S. Trademark Registration No. 4,722,740.

37.     The phrase "financial quarterback" is a term of art within the financial services industry, and Jalinski's registered marks are used in their ordinary meaning to describe financial services.

38.     In and of itself, the phrase "financial quarterback" does not create a distinct commercial impression apart from its generic or descriptive meaning within the financial-services industry.

37

39.     Jalinski's FINANCIAL QUARTERBACK marks are descriptive in that the phrase immediate describes the services offered under those marks, and such marks have not become distinctive in commerce. 15 U.S.C. § 1052(f).

40.     Upon information and belief, Jalinski's license of the mark "The Financial Quarterback" to Investment Financial Services, Inc. contains no provisions or obligations relating to quality control, rendering Jalinski unable to exercise any control over Investment Financial Services, Inc.'s use of the mark.

41.     U.S. Trademark Registration No. 3,782,665 is subject to cancellation on grounds of genericness pursuant to 15 U.S.C. § 1064(3).

42.     U.S. Trademark Registration Nos. 4,722,740, 5,346,562, 5,346,563, and 5,633,102 are subject to cancellation on grounds of genericness and descriptiveness pursuant to 15 U.S.C. §§ 1052(e), 1064(1), and 1064(3).

43.     U.S. Trademark Registration Nos. 3,782,665, 4,722,740, 5,346,562, 5,346,563, and 5,633,102 are also subject to cancellation on the grounds that Jalinski does not control and is not able to legitimately exercise control over the use of the mark pursuant to 15 U.S.C. §1064(5).

44.     Accordingly, the Court should issue an Order canceling U.S. Trademark Registration Nos. 3,782,665, 4,722,740, 5,346,562, 5,346,563, and 5,633,102 for the foregoing reasons pursuant to 15 U.S.C. § 1119.

## PRAYER FOR RELIEF

Answering Defendants and Counterclaimants respectfully request the following relief:

A.      That the Court enter judgment in Answering Defendants' favor and against Jalinski, dismissing with prejudice Jalinski's Complaint and each of Jalinski's causes of action and denying all relief requested by Jalinski;

B.      That the Court enter judgment in Counterclaimants' favor and against Jalinski on each of Counterclaimants' counterclaims;

C.      That the Court declare that Counterclaimants have not infringed any rights that Jalinski may have in the purported FINANCIAL QUARTERBACK or THE FINANCIAL QUARTERBACK marks or otherwise violated state or federal statutory or common law with respect to same;

D.      That the Court declare the use of the term "financial quarterback" by Counterclaimants does not infringe any rights that Jalinski may have in the purported FINANCIAL QUARTERBACK or THE FINANCIAL QUARTERBACK marks or otherwise violated state or federal statutory or common law with respect to same;

E.      That the Court order cancellation of U.S. Trademark Registration Nos. 3,782,665, 4,722,740, 5,346,562, 5,346,563, and 5,633,102 pursuant to 15 U.S.C. § 1119;

F.      That the Court deem this an exceptional case in favor of the Answering Defendants and Counterclaimants and award them their reasonable attorneys' fees and costs; and

G.      That the Court award the Answering Defendants and Counterclaimants costs of suit;

H.      That the Court award the Answering Defendants and Counterclaimants all pre- and post-judgment interest; and

39

I.      Such other and further relief as the Court deems just.

### JURY DEMAND

The Answering Defendants and Counterclaimants demand a trial by jury on all issues so triable.

<table>
<tr><td></td><td>Respectfully Submitted,</td></tr>
<tr><td>October 7, 2019</td><td>s/ <b><i>Jakob Halpern</i></b></td></tr>
</table>

Jakob B. Halpern
SAIBER LLC
One Gateway Center
Suite 1000
Newark, New Jersey 07102-5311
P: (973) 622-3333
F: (973) 286-2456
jhalpern@saiber.com

Scott R. Brown
Todd A. Gangel
    *Pro hac vice* applications forthcoming
HOVEY WILLIAMS LLP
84 Corporate Woods
10801 Mastin Boulevard, Suite 1000
Overland Park, Kansas 66210
P: (913) 647-9050
F: (913) 647-9057
sbrown@hoveywilliams.com
tgangel@hoveywilliams.com

ATTORNEYS FOR DEFENDANTS
EDELMAN FINANCIAL SERVICES, LLC;
EDELMAN FINANCIAL ENGINES, L.P.;
EDELMAN FINANCIAL ENGINES, LLC;
FINANCIAL ENGINES ADVISORS L.L.C.; AND
FREDERIC MARK EDELMAN A/K/A RIC EDELMAN

## CERTIFICATE OF SERVICE

On October 7, 2019, I caused the foregoing to be filed electronically with the Clerk of the Court via the CM/ECF system, which will deliver electronic notification to all registered counsel of record.

s/ ***Jakob Halpern***

*Attorney for Defendants*
*Edelman Financial Services, LLC;*
*Edelman Financial Engines, L.P.;*
*Edelman Financial Engines, LLC;*
*Financial Engines Advisors L.L.C.;*
*and Frederic Mark Edelman a/k/a Ric Edelman*